IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

FILED
MAY 21 2024
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **UNDER SEAL**<br>Criminal No. 3:24-cr-82 |
| ) | |
| v. ) | 18 U.S.C. § 1349<br>Conspiracy to Commit Mail and Wire Fraud<br>(Count 1) |
| ) | |
| MELISSA RICHAE LATNEY, )<br>(Counts 1-5 & 7) ) | 18 U.S.C. §§ 1343 & 2<br>Wire Fraud<br>(Counts 2-6) |
| LYNETTE RENEE STREET, )<br>(Counts 1-5 & 7) ) | |
| ) | 18 U.S.C. §§ 1341 & 2<br>Mail Fraud<br>(Count 7) |
| TORONTO DESHAWN EURA, )<br>(Counts 1 & 3) ) | |
| DELONTE RASHAD EURA, )<br>a.k.a. "Nooney," )<br>(Counts 1, 2, 4, 5 & 7) ) | Criminal Forfeiture Allegation<br>18 U.S.C. §§ 981 & 982 |
| PORSHA EURA MORTON, )<br>(Counts 1 & 6) ) | |
| KRISTY LECHELLE EURA, )<br>(Counts 1 & 6) ) | |
| Defendants. ) | |

**INDICTMENT**

May 2024 Term—at Richmond, Virginia

THE GRAND JURY CHARGES THAT:

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Indictment:

1. Unemployment insurance (UI) is a joint state-federal program intended to provide temporary financial assistance to unemployed workers under certain circumstances. The federal

unemployment trust fund provides support and funding for state UI programs. For instance, during periods of high unemployment, the federal government provides partial funding to states for payment of extended benefits to UI recipients. States can also borrow from the federal UI fund if their own funds are insufficient.

2.      The Commonwealth of Virginia managed its unemployment insurance compensation program through the Virginia Employment Commission (VEC). Under normal circumstances, eligible Virginia UI recipients receive a minimum of $158 per week.

3.      In the wake of the COVID-19 pandemic, Congress passed legislation increasing the sums available for states to pay UI recipients and provided pandemic unemployment assistance (PUA) for individuals who did not qualify for traditional UI benefits. The net impact of this legislation was to increase weekly benefits for Virginia UI recipients to a minimum of $758 per week.

4.      To be eligible for Virginia UI/PUA benefits, claimants must have had their hours reduced by their employer or been separated from employment altogether. Once the VEC approved a claim, the claimant had to re-certify unemployment status on weekly basis. Claimants also had to certify that they are ready, willing, and able to work each day during the weeks they were claiming UI benefits. These claims could be submitted over the Internet via the VEC's public-facing website, which was hosted by a company with servers located outside the Commonwealth of Virginia.

5.      Once VEC approved a UI/PUA claim, it arranged payment to the claimant. If the claimant requested a debit card through which to spend the UI/PUA funds, Conduent Business Solutions, LLC, a VEC contractor, created a "Way2Go" MasterCard debit card the claimant

could use to access the UI/PUA funds. Comerica Bank, which is headquartered in Dallas, Texas, provided the funds accessed through the Way2Go card. Conduent mailed the Way2Go card to an address designated by the claimant. Alternatively, the claimant could request that the UI/PUA funds be deposited directly into a bank account.

6. Defendant MELISSA RICHAE LATNEY lived at 204 Coakley Street, Fredericksburg, Virginia 22401.

7. Defendant LYNETTE RENEE STREET is one of LATNEY's sisters.

8. Defendants TORONTO DESHAWN EURA (T. EURA) and DELONTE RASHAD EURA, also known as "Nooney," (D. EURA) are among STREET's children. PORSHA EURA MORTON and KRISTY LECHELLE EURA (K. EURA) are nieces of LATNEY and STREET.

9. T. EURA was incarcerated with the Virginia Department of Corrections (VDOC) at River North Correctional Center serving a sentence imposed by a Virginia state court. D. EURA was incarcerated with the VDOC at Augusta Correctional Center serving a sentence imposed by a Virginia state court.

10. Inmates 1-3 were incarcerated with the VDOC at the Augusta Correctional Center serving sentences imposed by Virginia state courts. Inmate 4 was incarcerated with the VDOC at the Fluvanna Correctional Center for Women serving a sentence imposed by a Virginia state court.

3

**The Scheme and Artifice to Defraud**

11.  Beginning before at least March 24, 2020 and continuing through at least on or about November 30, 2021, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia and within the jurisdiction of this Court, as well as elsewhere, defendants MELISSA RICHAE LATNEY, LYNETTE RENEE STREET, TORONTO DESHAWN EURA, DELONTE RASHAD EURA, also known as "Nooney," PORSHA EURA MORTON, and KRISTY LECHELLE EURA, aided, abetted, counseled and encouraged by each other, and by others both known and unknown to the Grand Jury, did devise and attempt to devise a scheme and artifice to defraud and to obtain by false and fraudulent pretenses, representations, and promises, UI/PUA benefits from the VEC.

**Purpose of the Scheme and Artifice to Defraud**

12.  The purpose of the scheme and artifice to defraud was for the defendants and others to obtain monies by filing false and fraudulent UI/PUA claims with the VEC on behalf of individuals who were not legally entitled to receive unemployment insurance payments, including inmates incarcerated with the VDOC.

**Manner and Means of the Scheme and Artifice to Defraud**

13.  The scheme and artifice to defraud operated in substance as follows:

    A.  T. EURA and D. EURA provided STREET with their own names, dates of birth, and social security numbers, as well as those of other inmates serving sentences with the VDOC for use in filing fraudulent UI/PUA claims.

    B.  STREET then passed this information to LATNEY, who used the information to file false on-line UI/PUA applications.

4

   C. The UI/PUA applications LATNEY filed in the inmates' names contained false information, including, but not limited to, the following:

     i. A false physical address, rather than the correctional facility at which the inmates were actually living.

     ii. A false "last employer," as the inmates were incarcerated and not employed.

     iii. A false certification that the inmates were ready, willing, and able to work in the event employment became available, when in fact, they were not able to work because they were incarcerated.

   D. In some instances, following the filing of the claims, "Way2Go" debit cards generated in connection with the claims were mailed to physical addresses designated by LATNEY in the application. These addresses included LATNEY's home address and a post office box rented by Latney: P.O. Box 132 at UPS Store 5687, 10908 Courthouse Road, Suite 102, Fredericksburg, Virginia 22408. If an application was successful, the UI/PUA funds were distributed via these cards.

   E. In other instances, the UI/PUA funds were deposited or transferred into bank accounts designated by Latney or other co-conspirators.

   F. Upon retrieving the debit cards from the mailing addresses, LATNEY or other co-conspirators transferred funds to various individuals associated with the inmates in question; LATNEY would spend a portion of the funds herself as compensation for her services in filing the fraudulent applications. On occasion, LATNEY also sent some of the fraudulently obtained funds to the VDOC financial accounts of the inmates whose

5

personal identifying information was used to file the UI/PUA claims.

   G. K. EURA obtained the names, dates of birth, and social security numbers of VDOC inmates, including Inmate 4, and passed that information on to MORTON for use in filing fraudulent UI/PUA claims. K. EURA and MORTON advised the inmates that the inmates or their families would receive some portion of the proceeds from the fraudulent claims and that K. EURA and MORTON would retain a portion of the proceeds as compensation for filing the claims.

   H. MORTON used the personal identifying information of VDOC inmates, including Inmate 4, to file fraudulent UI/PUA claims in the same manner described in paragraph 13(C). LATNEY also filed fraudulent UI/PUA claims as described in paragraph 13(C) using the personal identifying information of VDOC inmates that MORTON or K. EURA provided to LATNEY.

   I. MORTON directed the mailing of Way2Go debit cards issued in connection with the fraudulent UI/PUA claims she filed to various addresses, including Latney's home address.

## COUNT ONE
(Conspiracy to Commit Mail and Wire Fraud)

14. Paragraphs 1 through 13 of this Indictment are incorporated by reference as if fully set forth here.

15. Beginning before at least March 24, 2020 and continuing through at least on or about November 30, 2021, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia and within the jurisdiction of this Court, as well as elsewhere, defendants MELISSA RICHAE LATNEY, LYNETTE RENEE STREET, TORONTO DESHAWN EURA,

6

DELONTE RASHAD EURA, also known as "Nooney," PORSHA EURA MORTON, and KRISTY LECHELLE EURA, unlawfully and knowingly conspired with each other, as well as others known and unknown to the Grand Jury, to commit offenses contained within Chapter 63 of Title 18 of the United States Code, that is:

    a.    to knowingly devise and attempt to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme, caused the delivery of any matter by the United State mail, in violation of Title 18, United States Code, Section 1341.

    b.    to knowingly devise and attempt to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme, caused the transmission of signs, signals, and writings in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

16.    The Grand Jury realleges and incorporates by reference paragraph 12 of this Indictment as a description of the purpose of the conspiracy.

## Manner and Means of the Conspiracy

17.    The Grand Jury realleges and incorporates by reference paragraph 13 of this Indictment as a description of the manner and means of the conspiracy.

(In violation of Title 18, United States Code, Section 1349.)

## COUNTS TWO THROUGH SIX
(Wire Fraud)

18. Paragraphs 1 through 13 of this Indictment are incorporated by reference as if fully set forth here.

### Execution of the Scheme and Artifice to Defraud

19. On or about the dates set forth below, to execute and attempt to execute the scheme and artifice to defraud, the defendants named below, aided, abetted, counseled, induced, and encouraged by each other, and by others known and unknown to the Grand Jury, caused the caused the transmission of the following signs, signals, and writings in interstate and foreign commerce from locations within the Eastern District of Virginia through a server located outside the Commonwealth of Virginia:

| Count | Date | Defendant(s) | Wire Communication |
|---|---|---|---|
| 2 | 6/23/20 | LATNEY STREET D. EURA | Fraudulent UI/PUA benefit application submitted to the VEC via the Internet for DELONTE EURA |
| 3 | 6/25/20 | LATNEY STREET T. EURA | Fraudulent UI/PUA benefit application submitted to the VEC via the Internet for TORONTO EURA |
| 4 | 6/30/20 | LATNEY STREET D. EURA | Fraudulent UI/PUA benefit application submitted to the VEC via the Internet for Inmate 1 |
| 5 | 7/15/20 | LATNEY STREET D. EURA | Fraudulent UI/PUA benefit application submitted to the VEC via the Internet for Inmate 2 |

| Count | Date | Defendant(s) | Wire Communication |
|---|---|---|---|
| 6 | 9/4/20 | MORTON K. EURA | Fraudulent UI/PUA benefit application submitted to the VEC via the Internet for Inmate 4 |

(In violation of Title 18, United States Code, Sections 1343 & 2.)

## COUNT SEVEN
(Mail Fraud)

20.    Paragraphs 1 through 13 of this Indictment are incorporated by reference as if fully set forth here.

### Execution of the Scheme and Artifice to Defraud

On or about July 13, 2020, to execute and attempt to execute the scheme and artifice to defraud, defendants MELISSA RICHAE LATNEY, LYNETTE RENEE STREET, and DELONTE RASHAD EURA, aided, abetted, counseled, induced, and encouraged by each other, and by others known and unknown to the Grand Jury, caused a Way2Go debit card bearing the name of Inmate 3 and card number xxxx xxxx xxxx 5927 to be delivered via mail by the United States Postal Service to Post Office Box 132 at UPS Store 5687, 10908 Courthouse Road, Suite 102, Fredericksburg, Virginia 22408.

(In violation of Title 18, United States Code, Sections 1341 & 2.)

### FORFEITURE ALLEGATION

Pursuant to Rule 32.2(a) FED. R. CRIM. P., the defendants are notified that, if convicted of any of the offenses alleged in Counts One through Seven, they shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such violations, including any assets that may be directly forfeitable as proceeds or subject to

9

forfeiture as a substitute asset.

Property subject to forfeiture includes, but is not limited to, **a forfeiture money judgment in the sum of at least $764,488.**

(In accordance with 18 U.S.C. § 982(a)(2), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).)

A TRUE BILL:

*Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office*

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Michael C. Moore
Assistant United States Attorney

_____
Robert S. Day
Assistant United States Attorney